CHESTER H. MOORE, Respondent, v. TRUSTEES OF VILLAGE OF BATH et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn. Kimball and Piper, JJ. [See *ante,* p. 737.]

LILLIAN ARMSTRONG, as Administratrix of the Estate of ROY ARMSTRONG, Deceased, Appellant, v. ROY C. SWIFT, Respondent.— Motion for reargument denied. Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 738.]

ELMORE A. G. CHESHER, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 746.]

PETER NECOLAYFF et al., Respondents, v. TOWN OF TORREY, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ. [See *ante,* p. 751.]

## (May 16, 1951.)

EMMA B. MURTAGH, as Committee of the Person and Estate of ELIZABETH E. MURTAGH, an Incompetent Person, Appellant, v. BURT F. WHITE et al., Respondents.— Judgment affirmed, without costs of this appeal to any party. Memorandum: On the record before us we cannot say that the determination of the Official Referee fixing the division line between the premises of the parties is against the weight of evidence. All concur. (Appeal from a judgment adjudging defendants to have title to certain premises and entitled to possession and the right to erect a fence thereon, but giving plaintiff right to use the premises for maintenance and repair of her buildings.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. [See *post,* p. 1021; 279 App. Div. 624.]

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent, v. DOMINICK S. FAGO et al., Defendants, and JOSEPH G. IRR, as Trustee in Bankruptcy of FAGO CONSTRUCTION CORPORATION, Appellant.— Order reversed on the law, without costs of this appeal to any party, and motion for summary judgment denied, without costs. Memorandum: The order appealed from grants plaintiff's motion for summary judgment. Such an order can be granted only if there is no triable issue of fact. While in this case it appears that neither the claim department of plaintiff nor its counsel had knowledge that the bankrupt corporation had a claim of title in the real property, the affidavits and the answer raise a question of fact as to the knowledge of the plaintiff which we think requires a trial of the issues. All concur. (Appeal from an order granting plaintiff's motion for summary judgment in a mortgage foreclosure action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.